UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------

HAPPY HOMES, LLC,

                             Plaintiff,

                   v.

KATERRA JENERETTE-SNEAD, as voluntary
administrator and nominated executor of the estate
of Robert S. Myers, NIA MYERS, WHITNEY
WILLIAMS, and KAYLA MYERS, as heirs of law
and next of kin of Robert S. Myers, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., as nominee for WMC Mortgage Corporation,
STATE OF NEW YORK DEPARTMENT OF
TAXATION AND FINANCE, UNITED STATES
OF AMERICA, POLY PREP COUNTRY DAY
SCHOOL s/h/a POLYTECHNIC PREPARATORY
COUNTRY DAY SCHOOL, CITY OF NEW
YORK ENVIRONMENTAL CONTROL BOARD,
CITY OF NEW YORK PARKING VIOLATIONS
BUREAU, and JANE DOE and JOHN DOE #1–10,

                             Defendants.

**MEMORANDUM & ORDER**
15-CV-01788 (MKB) (RML)

------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      On April 2, 2015, Plaintiff Happy Homes, LLC commenced the above-captioned action against Defendants Katerra Jenerette-Snead, as voluntary administrator and nominated executor of the estate of Robert S. Myers,[1] Nia Myers, Whitney Williams, Kayla Myers,[2] Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for WMC Mortgage Corporation,

---

    [1] The Complaint caption indicates that the borrower, Robert S. Myers, is deceased as of May 20, 2007 in Albany County, File #2007-515. (Compl. 1, Docket Entry No. 1.)

    [2] Nia Myers, Whitney Williams and Kayla Myers are party to the action as heirs of law and next of kin of Robert S. Myers. (*Id.*)

State of New York Department of Taxation and Finance, United States of America, Poly Prep Country Day School s/h/a/ Polytechnic Preparatory Country Day School, City of New York Environmental Control Board, City of New York Parking Violations Bureau and Jane Doe and John Doe #1–10. Plaintiff alleges violations of New York Real Property Actions and Proceedings Law §§ 1301, *et seq*. and seeks to foreclose on a mortgage encumbering the property located at 137 Weirfield Street, Brooklyn, New York (the "Property"). (Compl. 2.) Although served with the summons and Complaint,[3] Defendants failed to appear in this action. Plaintiff sought and obtained the entry of a default against Defendants, (Docket Entry No. 24), and subsequently moved for a default judgment. (Pl. Mot. for Default J. ("Pl. Mot."), Docket Entry No. 26.) On April 4, 2016, the Court referred this matter to Magistrate Judge Robert M. Levy for a report and recommendation. (Order dated April 4, 2016.) By report and recommendation dated August 30, 2016 (the "R&R"), Judge Levy recommended that the Court: (1) grant Plaintiff's motion for a default judgment and judgment of foreclosure and sale,[4] with the appointment of the proposed referee; (2) grant Plaintiff's request to discontinue the action against Defendants "Jane Doe and John Doe #1–10;"[5] (3) award Plaintiff the principal balance of $472,848.01 as well as $202,500.00 for the advances made by Plaintiff to repair the Property;

---

[3] *See* Docket Entry Nos. 9–16, 20, 21; *infra* note 5, 10.

[4] Because the R&R recommended that the Court deny Plaintiff's application for interest damages, the R&R limited the recommendation that the Court grant the judgment of foreclosure and sale with the exception that the judgment be modified in accordance with the Court's ruling as to interest damages. (R&R 2.)

[5] In addition, the R&R retroactively granted Plaintiff's application to excuse its failure to serve Defendant Whitney Williams within the 120 days required by Federal Rule of Civil Procedure 4(m), (R&R 1 n.1), the applicable time-period when service was made in this case. As of December 1, 2015, the deadline for service has been changed from 120 days to 90 days. *See* Fed. R. Civ. P. 4(m).

and (4) deny Plaintiff's request for interest damages without prejudice pending further submission by Plaintiff. (R&R 2–3.) No party objected to the R&R. On September 6, 2016, Plaintiff filed a second affidavit in support of its motion for a default judgment addressing questions as to the calculation of interest damages raised by Judge Levy in the R&R. (Suppl. Affidavit of Yonel Devico ("Suppl. Devico Aff."), Docket Entry No. 34.)

For the reasons discussed below, the Court adopts the R&R as to liability and advances for repair damages and, upon *de novo* review, denies the request for principal and interest damages pending Plaintiff's submission of additional supporting evidence.

**I. Background**

The Court assumes familiarity with the facts as set forth in detail in the R&R. The Court includes facts relevant only to Plaintiff's application for outstanding principal and interest damages. In support of its motion for default judgment, Plaintiff attached an affidavit to its motion for default judgment from Yonel Devico, Plaintiff's manager, alleging damages including: (1) outstanding principal balance of $472,848.01,[6] (2) interest due as of March 11, 2016 of $204,726.60, and (3) advances for repairs made to the Property of $202,500.00.[7] (Devico Aff. ¶¶ 5–7.) Devico based his calculations on his "access to the books and records of Happy Homes LLC, as well as to the historical records pertaining to the loan [Plaintiff] hold[s] made by borrower." (*Id.* ¶ 2.) In addition to the Devico Affidavit, Plaintiff attached to the

---

[6] The Court notes that Plaintiff identifies the outstanding principal balance as $472,848.07 in its motion for a default judgment (Pl. Mot. ¶ 6), however, the Court relies on the Devico Affidavit which lists the outstanding principal as $472,808.01. (Affidavit of Yonel Devico ("Devico Aff.") ¶ 5, annexed to Pl. Mot. as Ex. C.)

[7] The Court notes that the Devico Affidavit identified the initial mortgage debt as $495,000.00, but the Court understands that this to be a typographical error as elsewhere the initial debt is consistently alleged as $496,000.00. (Devico Aff. ¶ 4.)

3

Complaint the following documents which contain information relevant to the calculation of damages: (1) the Notice of Default sent by Plaintiff's predecessor in interest, WRG Acquisitions XI, LLC, on June 1, 2012, which identifies an outstanding principal balance of $472,848.01 as of that date, (Notice of Default, annexed to Compl. as Ex. E), and (2) the Adjustable Rate Note, dated December 29, 2005 (the "Note"), which indicates that the initial principal due on the Note executed on December 29, 2005 was $496,000.00, (Compl. ¶ 16(b); Note, annexed to Compl. as Ex. C).

Based on this evidence, Judge Levy recommended that the Court grant Plaintiff's application for advances made for repairs to the Property and damages for the outstanding principal balance. (R&R 8–9.) However, Judge Levy recommended denying Plaintiff's request for interest damages without prejudice, given the "limited information" provided to him, pending information from the Plaintiff explaining: (1) the per-diem interest amount used to calculate the interest due and (2) the basis for calculating interest from September 1, 2010 when the Complaint identified the default date as June 1, 2012.[8] (*Id.* at 3, 8.) Judge Levy noted that Plaintiff's calculation of the per-diem rate was inaccurate based on the information submitted and should be $100.01 rather than $101.40 as Plaintiff initially proposed. (*Id.* at 8.)

Plaintiff subsequently filed a supplemental affidavit addressing Judge Levy's concerns. (*See generally* Suppl. Devico Aff.) Plaintiff's supplemental affidavit adopts Judge Levy's suggested per-diem interest amount of $100.01. (*Id.* ¶ 4.) However, Plaintiff maintains that September 1, 2010 is the correct default date and explains that it mistakenly identified the

---

[8] Plaintiff indicates in the Complaint that default occurred on June 1, 2012 and continues to date, (Compl. ¶ 19), however, in the Devico Affidavit, Plaintiff asserts that the default date is September 1, 2010. (Devico Aff. ¶ 4.)

incorrect default date in the Complaint. (*Id*. ¶ 3.) Accordingly, Plaintiff waives the difference in the interest previously requested and amends its request for interest damages to begin June 1, 2012, rather than September 1, 2010, reducing Plaintiff's interest damage request to $155,415.54. (*Id*. ¶¶ 3–4.)

## II. Discussion

### a. Standard of review

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a *de novo* standard of review. *Id*.; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015). The clear error standard also applies when a party makes only conclusory or general objections, or simply reiterates its original arguments. *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) ("General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." (citation omitted)); *see also DePrima v. N.Y.C. Dep't of Educ.*, No. 12-CV-3626, 2014 WL 1155282, at *3 (E.D.N.Y. Mar. 20, 2014) (collecting cases).

### b. Liability

The Court has reviewed the unopposed R&R as to liability and, finding no clear error as

5

to the entry of the default judgment, judgment of foreclosure and sale,[9] including appointment of the referee, or the request to discontinue the action against Defendants Jane Doe and John Doe #1–10, the Court adopts Judge Levy's R&R pursuant to 28 U.S.C. § 636(b)(1).[10]  Accordingly, Plaintiff's motion for a default judgment against Defendants is granted.

---

[9] Because of the Court's ruling as to the principal and interest damages discussed below, no judgment of foreclosure and sale will issue at this time.  Plaintiff must submit, with its supplemental supporting documentation, a revised proposed order of judgment of foreclosure and sale delineating the damages for advances for repairs and including a blank space for principal and interest damages that the Court can complete as appropriate on the date of judgment.

[10] Although Judge Levy did not address the late service-of-process to Kayla Myers, the Court excuses Plaintiff's late service on Kayla Myers.  Ineffective service-of-process is a ground to deny a motion for default judgment.  *See Sinoying Logistics Pte Ltd. v. Yi Da Zin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) (noting that a court "may first assure itself that it has personal jurisdiction over the defendant" prior to granting a motion for default judgment); *see also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011) (noting that the Second Circuit has "left open the question 'whether a district court *must* investigate its personal jurisdiction over [a] defendant before entering a default judgment" (quoting *Sinoying Logistics Pte Ltd*, 619 F.3d at 213, n.7)).  However, a court has the discretion to extend the time for service, even in the absence of good cause.  *See Zapata v. City of New York*, 502 F.3d 192, 193 (2d Cir. 2007) (joining several other circuits and holding that "district courts may exercise their discretion to grant extensions under Rule 4(m) absent a showing of good cause under certain circumstances" to avoid dismissal of an action for failure to effect service under Federal Rule 4(m)).

Plaintiff did not neglect its service-of-process obligation but brought the late service to the Court's attention in a September 18, 2016 letter explaining its good-faith efforts to serve Kayla Myers in a timely fashion.  (Letter to Adjourn Initial Conference, Docket Entry No. 18.) Plaintiff acknowledged that service of Kayla Myers had not yet occurred when, on July 31, 2015, the 120-day limit to effect service under Rule 4(m) of the Federal Rules of Civil Procedure had passed.  (*Id.*)  Plaintiff explained that Kayla "live[s] out of the State and our process server is having tremendous difficulty locating [her] for service[,]" but failed to seek leave of the court to extend the time period for service-of-process.  (*Id.*)  Kayla Myers was subsequently served with process on November 25, 2015.  (Affidavit of Service, Docket Entry No. 20.)  Further, Kayla Myers is not prejudiced by the late service because she has notice of the lawsuit and has chosen not to respond.  *See Chen v. JP Standard Constr. Corp.*, No. 14-CV-1086, 2016 WL 2758272, at *1 n.1 (E.D.N.Y. May 12, 2016) (granting default judgment and excusing untimely service-of-process due to lack of objection by the defendants, good faith attempts to serve and the absence of prejudice to defendants) (adopting report and recommendation).

### c. Damages

#### i. Advances made for repairs

The Court has reviewed the unopposed R&R as to damages for advances made for repairs and, finding no clear error as to the calculation, the Court adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

#### ii. Principal and interest

The Court reviews the principal and interest damages *de novo* because Plaintiff's supplemental affidavit was filed after Judge Levy issued the R&R and contains an admission that the default date alleged in the Complaint, upon which Judge Levy relied in his R&R, is incorrect. *See OneWest Bank, N.A. v. Vaval*, No. 14-CV-3437, 2016 WL 3945342, at *3 (E.D.N.Y. July 19, 2016) (considering issues affected by the filing of a supplemental affidavit after the issuing of the magistrate judge's report and recommendation *de novo*) (adopting report and recommendation in part).

### d. *De novo* review of principal and interest damages

Plaintiff seeks damages for outstanding principal of $472,848.01 and interest payments of $155,415.54. (Devico Aff. ¶ 5; Suppl. Devico Aff. ¶ 4.) The Note allows for the payment of "the full amount of [p]rincipal which has not been paid and all the interest that [mortgagor] owe[s] on [the principal] amount." (Note ¶ 7(c).) According to the terms of the Note, the yearly interest rate will not be "less than 7.720%." (Note ¶¶ 2, 4.)

When determining damages on a motion for a default judgment, a "district court must [] conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Bank of the W. v. Sailing Yacht Serendipity*, 101 F. Supp. 3d 238, 246 (E.D.N.Y. 2015) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)); *see also E. Sav. Bank*

*v. Robinson*, No. 13-CV-7308, 2016 WL 3102021, at * 5 (E.D.N.Y. June 2, 2016). "[A] district court may conduct a hearing or rely on evidence provided by the plaintiff." *Sette-Hughes v. Sprauve*, --- F. App'x ---, ---, 2016 WL 4497614, at *1 (2d Cir. Aug. 26, 2016) (citing *Bricklayers and Allied Craftworkers*, 779 F. 3d. 182, 189 (2d Cir. 2015)); *CIT Bank, N.A. v. Paganos*, No. 14-CV-3987, 2016 WL 3945343, at *2 (E.D.N.Y. July 19, 2016) ("[C]ourts may rely upon 'detailed affidavits and documentary evidence, supplemented by the District Judge's personal knowledge of the record.'" (quoting *Fustok v. ContiCommodity Serv., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989))) (adopting report and recommendation in part).

However, a court cannot simply rely on the plaintiff's statement to determine damages on a default judgment. *See Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (explaining that in the case of a default judgment, the court "could not just accept [plaintiff's] statement of the damages" in the complaint because it "did not satisfy the court's obligation to ensure that the damages were appropriate."); *see also Hosking v. New World Mortg., Inc.*, 570 F. App'x 28, 32 (2d Cir. 2014) (holding that "the district court is not permitted to 'just accept [plaintiff's] statement of the damages'" (alteration in original) (quoting *Transatl. Marine Claims Agency, Inc.* 109 F.3d at 111)); *House v. Kent Worldwide Machine Works, Inc.*, 359 F. App'x 206, 207 (2d Cir. 2010) ("Even in the absence of a hearing, however, the district court cannot simply rely on the plaintiff's statement of damages; there must be a basis upon which the court may establish damages with reasonable certainty." (citation omitted)).

In the context of a default judgment in a foreclosure action, several courts in the Eastern District of New York have required more than production of the initial mortgage and an affidavit stating the outstanding principal on a loan. *See Vaval*, 2016 WL 3945342, at *3 (holding that a reasoned assessment that loan principal will be less at the time of default than at the time the

8

mortgage debt was modified eight months earlier was not sufficient to determine the amount claimed as outstanding principal); *CIT Bank, N.A.*, 2016 WL 3945343, at * 2 (same); *OneWest Bank, N.A. v. Hawkins*, No. 14-CV-4656, 2015 WL 5706945, at * 8 (E.D.N.Y. Sept. 2, 2015) (recommending denial of damages award where the plaintiff "ha[d] not stated anywhere in its papers exactly how many payments were made by defendants prior to the default and the total dollar amounts paid, which are necessary to enable the Court to verify plaintiff's calculation . . . in unpaid principal"), *report and recommendation adopted*, No. 14-CV-4656, 2015 WL 5706945 (E.D.N.Y. Sep. 28, 2015); *E. Sav. Bank, FSB v. Whyte*, No. 14-CV-6111, 2015 WL 790036, at * 6 (E.D.N.Y. Aug. 11, 2014) (finding that affidavits asserting the outstanding principal in addition to the attached payment log and accrued interest schedule were sufficient to establish the principal and interest due), *report and recommendation adopted*, No. 14-CV-6111, 2015 WL 790036 (E.D.N.Y. Feb. 24, 2015); *but see OneWest Bank v. Raghunath*, No. 14-CV-3310, 2015 WL 5772272, at * 4 (E.D.N.Y. Sept. 8, 2015) (holding that unopposed affidavits attesting the accuracy of the amounts due were sufficient to establish damages in a default judgment), *report and recommendation adopted*, No. 14-CV-3310, 2015 WL 5774784 (E.D.N.Y. Sept. 29, 2015);*United States v. Watts*, No. 13-CV-3211, 2014 WL 4275628, at *2 (E.D.N.Y. May 28, 2014) (accepting damages based on the plaintiff's affidavit stating the outstanding principal and including the declaration of regularity and "all relevant documents"), *report and recommendation adopted*, No. 13-CV-3211, 2014 WL 4293815 (E.D.N.Y. Aug. 28, 2014).

Here, Plaintiff seeks to prove the outstanding principal balance through the affidavits submitted by Devico (Pl. Mot. ¶ 6; *see generally* Devico Aff.; Suppl. Devico Aff.), the initial mortgage debt when the Note was first issued, (Devico Aff. ¶ 4), and, although not explicitly noted by Plaintiff as evidence of damages, the Notice of Default sent by Plaintiff's predecessor

in interest, WRG Acquisition XI, LLC, (Notice of Default). However, the Court is unable to verify Plaintiff's calculations because Plaintiff does not indicate what payments, if any, were made on the outstanding principal from the time the Note was issued until the default date. *See Vaval*, 2016 WL 3945342, at *3; *CIT Bank, N.A.*, 2016 WL 3945343, at *2; *Hawkins*, 2015 WL 5706945, at *8.

Plaintiff's lack of explanation or supporting documentation establishing the outstanding principal balance beyond its own unsubstantiated statements, an equally conclusory statement from WRG Acquisition XI, LLC and the initial mortgage debt — particularly in light of Plaintiff's material disclosure that it misidentified the default date in its Complaint — raises questions concerning the basis for and the accuracy of the outstanding principal calculation such that the Court cannot determine damages to a "reasonable certainty." *See Transatl. Marine Claims Agency, Inc.*, 109 F.3d at 111; *Hawkins,* 2015 WL 5706945, at * 8. Further, Plaintiff explains that in light of Plaintiff's mistake, although it initially calculated interest damages from September 1, 2010, it waives interest damages for the period of September 1, 2010 through June 1, 2012; but Plaintiff offers no comparable explanation or detail confirming that its current calculation of outstanding principal is accurate. Without any further evidence, the Court cannot assess the validity of Plaintiff's damages request. For the same reason, the Court cannot rule on the interest damages until further information is provided because the outstanding principal balance is crucial to the determination of interest damages.[11] Therefore, the Court denies Plaintiff's damages request for the outstanding principal balance of $472,848.01 and interest

---

[11] The daily interest is calculated with the following formula: daily interest rate = (outstanding principal * interest rate per annum) / 365 days. *See OneWest Bank, N.A. v. Raghunath*, No. 14-CV-3310, 2015 WL 5774784, at *1 n.2 (E.D.N.Y. Sept. 29, 2015) (adopting report and recommendation).

damages of $155,415.54 without prejudice, and directs Plaintiff to provide the necessary information for the Court to verify Plaintiff's calculation of damages.

### III. Conclusion

For the foregoing reasons, the Court adopts the R&R as to Judge Levy's determination of default judgment, discontinuance of proceedings against Jane Doe and John Doe #1–10 and the award of damages for advances for repairs to the Property, but, upon the Court's *de novo* review, denies Plaintiff's principal and interest damages without prejudice pending Plaintiff's submission of further documentation establishing the alleged outstanding principal balance.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: November 7, 2016
       Brooklyn, New York